# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MOISES CRUZ-ALEJANDRO**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 19-1371 (BJM)

## ORDER

Plaintiff Moises Cruz-Alejandro ("Cruz-Alejandro") successfully challenged the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket Nos. ("Dkts.") 21, 23. His counsel, Pedro G. Cruz-Sanchez ("Cruz-Sanchez"), then requested $1,621.47, in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and that request was granted. Dkts. 25, 27. Subsequently, Cruz-Sanchez requested $23,023.65 in attorney fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("406(b)"). Dkt. 30. The government responded with an informative motion, Dkt. 37, and Cruz-Sanchez replied. Dkt. 40. Cruz-Sanchez then moved to amend his request for fees to $15,000, Dkt. 42, and the Commissioner again responded with an informative motion. Dkt. 46.

To obtain fees, Cruz-Sanchez's petition must be timely, *Pais v. Kijakazi*, 52 F.4th 486, 490–91 (1st Cir. 2022) (discussing timeliness framework prior to that decision), and the requested fees must be reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Commissioner sent Cruz-Alejandro a Notice of Award ("NOA") on April 28, 2020. Dkt. 30-2. Cruz-Sanchez moved for fees on September 24, 2020. Dkt. 30. The Commissioner then sent a corrected NOA advising Cruz-Alejandro it had improperly withheld too much from his benefits on December 9, 2020. Dkt. 40-1 at 1. On April 14, 2022, Cruz-Sanchez then filed an amended motion for fees. Dkt. 42.

Case 3:19-cv-01371-BJM   Document 50   Filed 10/20/23   Page 2 of 5

*Cruz Alejandro v. Comm'r of Soc. Sec.*, Civil. No. 19-1371 (BJM)                                                                       2

Cruz-Sanchez's first motion was timely. When the Commissioner issued the initial NOA on April 28, 2020, it was this court's position "that Local Rule 54(b) applie[d] to 406(b) motions, but that the fourteen-day deadline for bringing such motions [wa]s tolled until counsel's receipt of a[n] . . . NOA, from the Commissioner." *Perez-Maldonado v. Comm'r of Soc. Sec.*, 2022 WL 292279, at *2 (D.P.R. Feb. 1, 2022) (motion premature because no NOA issued) (citing *Lebron-Vazquez v. Comm'r of Soc. Sec.*, 2022 WL 225287 (D.P.R. Jan. 26, 2022) (NOA issued August 27, 2020). This court then amended its Local Rule 9(d)(2) ultimately giving "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) . . . thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." *In Re: Adoption of Local Rules*, 03-MC-115 (D.P.R. Mar. 04, 2022) (ECF 71-1). Then, in November 2022, the First Circuit held motions must be filed in a reasonable time. *Pais*, 52 F.4th at 494.

While examining whether conflicting NOAs warranted extending an attorney's deadline to move for fees, this court previously held "the final NOA, and not the interim NOA, is what triggers the filing date for a petition for fees under Section 406(b)." *Vazquez v. Comm'r of Soc. Sec.*, 2023 WL 4285991, at *4 (D.P.R. June 30, 2023) (applying First Circuit standard where original NOA also issued on April 28, 2020 and finding timeliness satisfied because final NOA issued five days *after* counsel moved for fees). Here, like in *Vazquez*, Cruz-Sanchez moved for fees over three months before the Commissioner issued its final NOA. And though I note Cruz-Sanchez moved to amend his fee request over 16 months after the Commissioner issued its final NOA, he never moved to amend his fee request in *Vazquez* and the court nevertheless considered his motion timely. Thus, the filing of his motion to amend is irrelevant to my timeliness analysis. Accordingly, Cruz-Sanchez's motion was timely.

Case 3:19-cv-01371-BJM   Document 50   Filed 10/20/23   Page 3 of 5

*Cruz Alejandro v. Comm'r of Soc. Sec.*, Civil. No. 19-1371 (BJM)                                   3

Though Cruz-Sanchez also argues he had not received a close-out letter as of the date he moved for fees, that fact does not affect the analysis. This court has previously clarified that the proper time to file a motion for fees is calculated based on delivery of the NOA, not the closeout letter. *See Lebron-Vazquez*, 2022 WL 225287, at *3 ("I disagree with [counsel]'s argument that delivery . . . of the close-out letter rather than the NOA triggers the countdown to the deadline to file a 406(b) motion for fees.") (further citations omitted). Nevertheless, because Cruz-Sanchez moved for fees before the Commissioner issued its final NOA, his motion is timely.

I turn to the reasonableness of fees requested. Attorneys for successful Social Security claimants are entitled to "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In determining a reasonable fee, courts look first to the contingent fee arrangement and then test for reasonableness "based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. Courts may require a claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The terms of Cruz-Sanchez and Cruz-Alejandro's contingent fee agreement were reasonable. And there is no reason to believe Cruz's conduct was substandard or improper. The fee agreement between Cruz-Sanchez and Cruz-Alejandro permits the former to receive up to 25

Case 3:19-cv-01371-BJM   Document 50   Filed 10/20/23   Page 4 of 5

*Cruz Alejandro v. Comm'r of Soc. Sec.*, Civil. No. 19-1371 (BJM)                                                                                          4

percent of the latter's past-due benefits. Dkt. 30-1. Accordingly, Cruz requested $23,023.65, which he later amended to $15,000. Dkt. 42 at 1, 4. The version of Local Rule 9(d)(2)(A)(iii) adopted February 28, 2022 required attorneys submitting Section 406(b) petitions to itemize the time spent representing their client in federal court and the corresponding effective hourly rate sought. *In Re: Adoption of Local Rules*, 03-MC-115 (D.P.R. Mar. 04, 2022) (ECF 71-1). Though he submitted no itemization or statement regarding time spent with his April 14, 2022 amended fee motion, Dkt. 42, Cruz-Sanchez reported working 13.9 hours on Cruz-Alejandro's appeal in his original fee motion. Dkt. 30 at 6. However, the itemization submitted with his EAJA petition documents only 7.9 hours spent on this case. *See* Dkts. 25-1; 30-4 at 3. Though Cruz-Sanchez subsequently submitted an informative motion stating he spent 13.9 hours on this case, he submitted no itemization of this time. Further, I note Cruz-Sanchez also argues he spent several additional hours meeting with other attorneys to discuss this and other fraud redetermination cases. Dkt. 42 ¶¶ 1–5. However, he offers no itemization, or even an estimation, of hours worked and does not clarify how many cases he discussed during this time.

Thus, I find Cruz-Sanchez seeks to bill $15,000 for 7.9 hours of work, or approximately $1,898.73 per hour. This award is not in line with other recent Social Security attorney fees awarded by this court. *See, e.g., Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (RAM), Dkt. 42 (report and recommendation denying attorney's claim of $11,000.00 for 8.3 hours of billable work as excessive and reducing it to $5,111.00, or approximately $615.78 per hour), *adopted at* Dkt. 46; *Santiago Díaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL), 2022 WL 420443, at *2 (D.P.R. Feb. 11, 2022) (denying Cruz-Sanchez's claim of $25,000.00 for 10.3 hours of billable work as excessive and reducing it to $6,180.00, or $600.00 an hour). Consistent with *Santiago*

Case 3:19-cv-01371-BJM   Document 50   Filed 10/20/23   Page 5 of 5

*Cruz Alejandro v. Comm'r of Soc. Sec.*, Civil. No. 19-1371 (BJM)                                          5

*Díaz*, I shall reduce Cruz-Sanchez's award to reflect a rate of $600.00 an hour for 7.9 hours, or $4,740.00 in total.

Finally, as Cruz-Sanchez acknowledges, he must refund fees he received from Cruz-Alejandro under the EAJA. *See* Dkt. 30 at 12; *Gisbrecht*, 535 U.S. at 796; 28 U.S.C. § 2412. Accordingly, Cruz-Sanchez must refund $1,621.47 to Cruz-Alejandro.

For the foregoing reasons, Cruz-Sanchez's petition for attorney fees under 406(b) is **GRANTED IN PART** and payment of $4,740.00 in attorney fees to Cruz-Sanchez is authorized. Cruz-Sanchez is ordered to refund Cruz-Alejandro $1,621.47 in fees previously awarded and paid to Cruz-Sanchez under the EAJA. Payment should be made within seven days of receipt of the 406(b) fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of October 2023.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge